IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

NICHOLAS ADDISON
ADC #162451                                                                                          PLAINTIFF

v.                                    2:23-cv-00191-JM-JJV

STANLEY BRAWLEY, D.D.S.,
EARU Infirmary, Wellpath Contractor, *et al.*                                   DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody Jr. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.     INTRODUCTION**

Nicholas Addison ("Plaintiff") is a prisoner in the East Arkansas Regional Unit of the Arkansas Division of Correction who has filed this *pro se* action seeking relief pursuant to 42 U.S.C. § 1983. His remaining Eighth Amendment claims are that, from April to August 2023: (1) Defendants Dr. Stanley Brawley and Nurse Crystal Rivers failed to provide him with adequate dental care for an abscessed tooth; and (2) Defendant Nurse Emma Hatchett failed to take corrective action after reading his grievances about the matter. (Docs. 2, 39.) All other claims

and Defendants have been previously dismissed without prejudice.[1]  (Doc. 39.)

Defendants have filed a Motion for Summary Judgment arguing they are entitled to judgment as a matter of law.  (Docs. 41-43.)  Plaintiff has not responded, and the time to do so has expired.  *See* Local Rule 7.2(b) (response to a motion is due fourteen days after service). Thus, the facts in Defendants' Statement of Undisputed Facts (Doc. 43) are deemed admitted. *See* Local Rule 56.1(c); *Jackson v. Ark. Dep't of Educ., Vocational & Tech. Educ. Div.,* 272 F.3d 1020, 1027 (8th Cir. 2001).  And, as will be discussed, those facts are supported by the record. After careful review and consideration, I recommend the Motion for Summary Judgment be GRANTED; Plaintiff's remaining Eighth Amendment claims against Defendants Brawley, Rivers, and Hatchett be DISMISSED with prejudice; and this case be CLOSED.

**II.    SUMMARY JUDGEMENT STANDARD**

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, demonstrates there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986).  The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact.  *Celotex,* 477 U.S. at 323. Thereafter, the nonmoving party cannot rest on mere denials or allegations in the pleadings, but instead, must come forward with evidence supporting each element of the claim and demonstrating there is a genuine dispute of material fact for trial.  *See* Fed R. Civ. P. 56(c); *Celotex*, 477 U.S at 322; *Holden v. Hirner,* 663 F.3d 336, 340 (8th Cir. 2011).  In this regard, a factual dispute is "genuine" if "the evidence is sufficient to allow a reasonable jury to return a verdict for the non-

---

[1] Specifically, the Court concluded Plaintiff only exhausted the Eighth Amendment claims raised against these three Defendants in grievances in EAM-23-905 and EAM-23-1029.  (Doc. 39.)

moving party." *Greater St. Louis Constr. Laborers Welfare Fund v. B.F.W. Contracting, LLC,* 76 F.4th 753, 757 (8th Cir. 2023).

### III. ADMITTED FACTS

On April 28, 2023, Nurse Rivers examined Plaintiff in response to his sick call request seeking treatment for dental pain. (Doc. 43-2.) After determining Plaintiff did not have any swelling or redness in his gums, Nurse Rivers gave Plaintiff Tylenol and put him on the waiting list to see a dentist. (*Id.*) On May 18, 2023, Nurse Rivers noted Plaintiff was still on the dental waiting list. (Doc. 43-3.) She then called Dr. Stanley, who instructed her to give Plaintiff ibuprofen for pain. (*Id.*) On May 24, 2023, a non-party nurse observed that Plaintiff had a cavity in one tooth, noted his pain level was six out of ten, and renewed his prescription for ibuprofen, which was later changed to naproxen. (Docs. 43-4, 43-5.) On June 13, 2023, Nurse Rivers examined Plaintiff; determined that he did not have swelling, fever, or any signs of infection; and gave him ibuprofen. (Doc. 43-6.) Approximately one month later, on July 16, 2023, a non-party nurse noted Plaintiff had an inflamed abscess on the lower right side of his mouth at the gum line, without drainage or a fever, and that he reported his pain level as ten out of ten. (Doc. 43-7.) She then called a non-party dentist twice but did not receive an answer. (*Id.*) On July 18, 2023, Nurse Rivers examined Plaintiff, determined he did not have a fever, and gave him naproxen for pain. (Doc. 43-8.)

On July 20, 2023, Dr. Brawley examined Plaintiff and recommended that tooth #31, which had an abscess with a buccal fistula, be extracted. (Docs. 43-9, 43-10.) He then started Plaintiff on oral antibiotics and ibuprofen. (*Id.*) On August 16 and 24, 2023, Nurse Rivers saw Plaintiff in response to his sick call requests reporting dental pain. (Docs. 43-11, 43-12.) She noted Plaintiff had a bump on his gums, but no temperature or drainage, and that he was receiving

naproxen for pain.  (*Id*.)  She then assured Plaintiff that he was on the list to see the dentist for an extraction.  (*Id*.)  Plaintiff filed this lawsuit on August 31, 2023.  (Doc. 2.)  Approximately one month later, on September 21, 2023, Dr. Brawley extracted Plaintiff's tooth #31 without any complications.  (Doc. 43-13.)

It is undisputed Nurse Hatchett was not personally involved in Plaintiff's dental treatment. (Doc. 43 at ¶ 2.)  Instead, as a Health Services Administrator ("HSA"), she reviewed one or more of Plaintiff's grievances regarding his dental care.  (Doc. 27-1.)

IV.     **DISCUSSION**

    A.     **Inadequate Dental Care Claim against Dr. Brawley & Nurse Rivers**

The Eighth Amendment requires correctional officers to provide prisoners with adequate dental care.  *Johnson v. Leonard,* 929 F.3d 569, 575-76 (8th Cir. 2019); *Williams v. York*, 891 F.3d 701, 707 (8th Cir. 2018).  To proceed to trial with his Eighth Amendment claim, Plaintiff must have evidence that: (1) he had an objectively serious need for dental care; and (2) Defendants Brawley and Rivers subjectively knew of, but deliberately disregarded, that serious dental need. *See Johnson,* 929 F.3d at 575; *Cullor v. Baldwin*, 830 F.3d 830, 836 (8th Cir. 2016.)

It is undisputed in this case that Plaintiff had an objectively serious need for treatment for a dental abscess.  Thus, this case turns on the second element of deliberate indifference, which is a high threshold that goes beyond negligence or even gross negligence.  *Johnson*, 929 F.3d at 575. And a mere disagreement with the course of provided care is insufficient to impose liability.  *Id.* Instead, to establish deliberate indifference there must be evidence the defendants "recognized that a substantial risk of harm existed <u>and</u> knew that their conduct was inappropriate in light of that risk."  *Shipp v. Murphy,* 9 F.4th 694, 703 (8th Cir. 2021) (emphasis in the original).  This level of mental culpability is "akin to criminal recklessness."  *Presson v. Reed*, 65 F.4th 357, 367 (8th

Cir. 2023); *Johnson,* 929 F.3d at 576.

The admitted facts, which are also supported by the medical records, demonstrate Nurse Rivers responded to Plaintiff's complaints of dental pain by examining him, giving him a variety of over-the-counter pain medications, ensuring he did not have a fever, and putting him on the list to see the dentist. Later, when Plaintiff developed an abscess, Dr. Brawley gave Plaintiff antibiotics to treat the infection, ordered over-the-counter pain medications, and scheduled an extraction that was later performed without complications. Nothing about this course of care suggests deliberate indifference to Plaintiff's dental needs. *See Fourte v. Faulkner Cnty.*, 746 F.3d 384, 390 (8th Cir. 2014) (no deliberate indifference when medical providers "made efforts to cure the problem in a reasonable and sensible manner"); *Johnson,* 929 F.3d at 576 (no deliberate indifference when nurses and a dentist examined a prisoner in response to his reports of dental pain, gave him over-the-counter pain medications, put him on the list to see the dentist, filled his cavities, and extracted his teeth).

Importantly, Dr. Theodore Kondos, who has practiced dentistry since 1981, says in his Affidavit that the extraction of tooth #31 was not an emergency and Defendants provided him with "appropriate, adequate, and timely" dental care. (Doc. 43-1 at ¶ 8.) Plaintiff has not offered any evidence to contradict that professional dental opinion. *See Cejvanovic v. Ludwick*, 923 F.3d 503, 508 (8th Cir. 2019) ("In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that he did not feel he received adequate treatment").

That being said, I am not unsympathetic to Plaintiff's concern that he had to wait approximately five months after he first reported dental pain in April 2023 to get his tooth extracted. However, it is undisputed Plaintiff did not show any signs of infection until July 16,

2023, and that a few days later Dr. Brawley examined Plaintiff, determined extraction was not an emergency, and started him on antibiotics. And as previously explained, Dr. Kondos's unrefuted professional opinion establishes there was no dental emergency and that Dr. Brawley acted appropriately when he extracted the tooth two months later. And Plaintiff has not offered any contrary evidence. *See Na'im v. Payne*, No. 23-2256, 2024 WL 911971 (8th Cir. Mar. 4, 2024) (affirming summary judgment when an Arkansas prisoner failed to counter a dentist's affidavit stating the provided dental care was medically appropriate and not improperly delayed); *Cullor,* 830 F.3d at 837 (to proceed with a delay in dental care claim, a prisoner "must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment"). Accordingly, I conclude Dr. Brawley and Nurse Rivers are entitled to summary judgment.

**B.     Corrective Inaction Claim Against HSA Hatchett**

Prison administrators, who are not directly involved in medical care, can be held liable in a § 1983 action if they are subjectively aware a prisoner is being denied constitutionally adequate medical care but fail to take corrective action. *Williams,* 891 F.3d at 707; *Langford v. Norris,* 614 F.3d 445, 460-62 (8th Cir. 2010). Because there is no evidence here of an underlying constitutional violation that needed to be corrected, Plaintiff's corrective inaction claim against HSA Hatchett fails as a matter of law. *See Parrish v. Ball*, 594 F.3d 99, 1002 (8th Cir. 2010); *Sims v. Lay*, Case No. 05-2136, 2007 WL 328769 (8th Cir. Feb. 2, 2007). Accordingly, I also recommend she be granted summary judgment.

**V.     CONCLUSION**

IT IS, THEREFORE, RECOMMENDED THAT:

1.     Defendants' Motion for Summary Judgment (Doc. 41) be GRANTED; Plaintiff's remaining Eighth Amendment claims against Defendants Brawley, Rivers, and Hatchett be

DISMISSED with prejudice; and this case be CLOSED.

    2.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

Dated this 2nd day of August 2024.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE